UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**JOLANTA SARIS-SZYFTER**,   CASE NO: 0:20-cv-62183

    Plaintiff,

v.

**MSC CRUISES, S.A. D/B/A MSC CRUISES**,

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **JOLANTA SARIS-SZYFTER**, by and through the undersigned counsel, sues the Defendant, **MSC CRUISES, S.A. D/B/A MSC CRUISES**, and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is an action involving the diversity of citizenship of the parties as more fully described below and for damages in excess of $75,000, exclusive of interest, costs, and attorney's fees; accordingly, this case falls within the jurisdiction of this Court pursuant to 28 U.S.C. §1332. Alternatively, this case falls within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. §§1331 and 1333.

2. Pursuant to a forum selection clause in the subject cruise ticket contract drafted and issued by Defendant, this action must be brought by this Court.

3. At all times material hereto, upon information and belief, the Plaintiff, **JOLANTA SARIS-SZYTFER**, was a resident of Broward County, Florida, and is *sui juris*.

4. That all times material hereto, upon information and belief, the Defendant, **MSC CRUISES, S.A. D/B/A MSC CRUISES**, was and still is a Foreign Profit Corporation authorized and doing business in the State of Florida, that:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state; and/or

   f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

5. The causes of action asserted in this Complaint arises under the General Maritime Law of the United States.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *MSC Meraviglia*.

## General Allegations

8. That Plaintiff, **JOLANTA SARIS-SZYTFER**, was a fare-paying passenger aboard the *MSC Meraviglia* on or about November 29, 2019, which was in navigable waters, for a cruise which began on November 27, 2019.

9. Upon knowledge and belief, Defendant owned and operated the *MSC Meraviglia* at all times material hereto.

10. On or about November 29, 2019, the Plaintiff was in her assigned stateroom number, 53921.

11. While in her assigned stateroom, Plaintiff opened the cabin door to set items in outside hallway to be picked up by cleaning/maintenance staff.

12. That after opening said cabin door, the door swung closed and in doing so, severely cut Plaintiff's right foot.

13. That, upon information and belief, the aforementioned cut was caused by a piece of metal protruding from the cabin door.[1]

14. That as a result of being cut by the cabin door, Plaintiff suffered serious and permanent injuries.

## COUNT I - NEGLIGENCE AGAINST MSC CRUISES, S.A. D/B/A MSC CRUISES

15. The Plaintiff, **JOLANTA SARIS-SZYTFER**, adopts and re-alleges paragraphs 1–14, as if they were reproduced herein, and further alleges:

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances while she was a passenger aboard the *MSC Meraviglia*. As Plaintiff, **JOLANTA SARIS-SZYTFER**, was a passenger aboard the *MSC Meraviglia* at the time of the injury, Defendant owed Plaintiff a duty to exercise reasonable care to ensure her safety. This duty includes, but is not limited to, Defendant's duty to warn of dangers known to Defendant, as a carrier, in places where Plaintiff, as a passenger, was invited to or reasonably should have been expected to visit.

---

[1] The metal protruding from the cabin door will herein be, "Dangerous Condition."

Moreover, this duty includes compliance with all applicable standards, statutes, and/or regulations, the violation of which is negligence per se and/or evidence of negligence.

17. Defendant had actual knowledge of the Dangerous Condition on the premises of *MSC Meraviglia* by virtue of housekeeping/maintenance staff making at least once daily visits to Plaintiff's stateroom. Thus, the harm posed to passengers, including Plaintiff, by the Dangerous Condition was reasonably foreseeable.

18. Additionally, Defendant had constructive knowledge of the Dangerous Condition on the premises of the *MSC Meraviglia*, due to the length of time the condition Dangerous Condition existed and by virtue of ongoing, repetitive, and/or recurring nature of the Dangerous Condition. Thus, the harm posed to passengers, including Plaintiff, by the Dangerous Condition was reasonably foreseeable.

19. Alternatively, notice of the Dangerous Condition is not required because Defendant engaged in and was guilty of negligent inspection and maintenance of the *MSC Meraviglia* premises, negligent methods of operation of the *MSC Meraviglia*, and/or negligent hiring, supervising, and retaining of its crew responsible for the maintenance and inspection of the *MSC Meraviglia* premises.

20. Defendant, MSC CRUISES, S.A. D/B/A MSC CRUISES., breached its duty of care to provide a reasonably safe premises under the circumstances to Plaintiff by:
    a. failing to comply with all applicable standards, statutes, and/or regulations regarding the safety of the premises of the cruise ship *MSC Meraviglia*;
    b. failing to maintain the premises of the *MSC Meraviglia* in a reasonably safe condition under the circumstances;

    c. failing to inspect the premises or to implement a method of operation and inspection that would reasonably prevent the Dangerous Condition from arising;

    d. failing to institute adequate policies by which Defendant would make safe a hazardous condition on its premises once identified;

    e. failing to remedy the Dangerous Condition upon Defendant's actual and/or constructive knowledge of the Dangerous Condition; and/or

    f. failing to warn passengers, including Plaintiff, who were invited to use or reasonably should have been expected to use the cabin door that cut Plaintiff's foot and, as such, were exposed to the Dangerous Condition.

All or some of which caused and/or contributed to the Plaintiff being severely injured and/or which caused his injuries to be aggravated and/or made worse.

21. As a direct and proximate result of the negligence of the Defendant, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, scarring, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and income lost in the past. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

    **WHEREFORE**, the Plaintiff, **JOLANTA SARIS-SZYTFER**, prays for entry of a judgment against the Defendant, **MSC CRUISES, S.A. D/B/A MSC CRUISES**, in an amount

in excess of Seventy-Five Thousand ($75,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

**FENSTERSHEIB LAW GROUP, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: (954) 456-2488
Facsimile: (954) 867-1844

**/s/ Kristoffer Ramsay**
Kristoffer Ramsay Esq.
Florida Bar No: 1002563
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: kramsay@fenstersheib.com
Secondary: kr-pleadings@fenstersheib.com